**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| ADAMS STONE, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **Case No.**  3:26-cv-02225-MGL |
| vs. | **JURY TRIAL DEMANDED** |
| KEFFER AUTOMOTIVE GROUP, LLC d/b/a MAZDA OF COLUMBIA., | |
| *Defendant*. | |

_____/

## CLASS ACTION COMPLAINT

1.     Plaintiff, Adams Stone ("Plaintiff"), brings this action against Defendant, Keffer Automotive Group, LLC, d/b/a Mazda of Columbia ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the South Carolina Telephone Privacy Protection Act, S.C. Code Ann. § 37-21-10 et seq.

## NATURE OF THE ACTION

2.     This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and the South Carolina Telephone Privacy Protection Act, S.C. Code Ann. § 37-21-10 *et seq*. (the "SC TPPA").

3.     This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

4.     Defendant is an automotive dealership engaged in the sale and marketing of vehicles and automotive services to consumers, based out of South Carolina.

5.    To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA and the SC TPPA.

6.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7.    Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.    Venue is proper in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction,

and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the District of South Carolina and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the District of South Carolina.

## PARTIES

9.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of Richland County, South Carolina.

10.     Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 0772 (the "0772 Number") that received Defendant's telemarketing text messages.

11.     Defendant is a South Carolina limited liability company whose principal address is located at 665 Broad River Rd, Columbia, SC 29210.

12.     Defendant directs, markets, and provides its business activities throughout the State of South Carolina.

13.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

14.     Defendant is an automotive dealership engaged in that selling vehicles and providing automotive services to consumers based out of South Carolina.

15.     Beginning at least in August 2023, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 0772 Number. Specifically, Plaintiff received text messages from Defendant on the following dates, August 11, 2023; August 17, 2023; August 28, 2023; August 31, 2023; September 20, 2023; September 30, 2023; October 4, 2023; November 15, 2023; November 29, 2023; November 30, 2023; December 1, 2023; December 6, 2023; and December 11, 2023, as shown below:





16.     Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

17.     Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in Defendant's property, goods, or services, i.e., Defendant's vehicle sales and automotive services.

18.     The information contained in the text messages advertises Defendant's various promotions, which Defendant sends to promote its business.

19.     Plaintiff received the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

20.     Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

21.     At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

22.     Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

23.     Plaintiff has no existing business relationship with Defendant.

24.     Plaintiff is the subscriber and sole user of the 0772 Number and is financially responsible for phone service to the 0772 Number.

25.     Plaintiff's 0772 Number is his residential telephone number used for personal purposes. Plaintiff's 0772 Number is his primary way of being contacted in his home.

26.     Defendant's text messages also constitute "telephone solicitations" as defined by S.C. Code Ann. § 37-21-20(6) because they were text messages sent to Plaintiff, a natural person who resides in South Carolina, for the purpose of offering or advertising Defendant's vehicle sales and automotive services.

27.     Defendant violated S.C. Code Ann. § 37-21-70(B) by initiating, or causing to be initiated, telephone solicitations to Plaintiff's 0772 Number, which was registered on the National Do Not Call Registry.

28.     Plaintiff never provided Defendant with prior express invitation or permission as evidenced by a signed or electronically signed, written agreement, as contemplated by S.C. Code Ann. § 37-21-20(6)(b)(i).

29.     Plaintiff does not have an established business relationship with Defendant as contemplated by S.C. Code Ann. § 37-21-20(6)(b)(ii).

30.     Plaintiff registered his 0772 Number with the national do-not-call registry on September 28, 2017, and has been registered at all times relevant to this action.

31.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

32.     The text messages originated from at least telephone number (803) 219-2820, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

33.     On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

34.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

35.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

36.    Plaintiff brings this case on behalf of a Classes defined as follows:

**Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

**SC TPPA Class: All persons who reside in South Carolina or have a South Carolina area code, who from the applicable statute of limitations period prior to the filing of this action through the date of class certification (1) were sent a telephone solicitation by or on behalf of Defendant; (2) where the person's telephone number had been listed on the National Do Not Call Registry; (3) for the purpose of offering or advertising Defendant's products and services.**

37.    Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

38.    Upon information and belief, Defendant has placed violative text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States who

are registered on the Do Not Call registry. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

39.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

40.    There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

b) Whether Defendant's conduct was knowing and willful;

c) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

d) Whether Defendant is liable for damages, and the amount of such damages; and

e) Whether Defendant should be enjoined from such conduct in the future.

f) Whether Defendant violated S.C. Code Ann. § 37-21-70;

g) Whether Plaintiff and members of the Class are entitled to damages and reasonable attorneys' fees and court costs under S.C. Code Ann. § 37-21-80.

41.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

42.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

43.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

44.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

46.     Plaintiff repeats and re-alleges the paragraphs 1 through 45 of this Complaint and incorporates them by reference herein.

47.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

49.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

50.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

51.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

53.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violation of the South Carolina Telephone Privacy Protection Act,**
**S.C. Code Ann. § 37-21-10 et seq.**
**(On Behalf of Plaintiff and the SC TPPA Class)**

54.    Plaintiff re-alleges and incorporates paragraphs 1-45 as if fully set forth herein.

55.    S.C. Code Ann. § 37-21-20(6) defines "telephone solicitation" to include "a telephone call, or a text or media message sent, to a natural person's residence in the State, or to a wireless telephone with a South Carolina area code, for the purpose of offering or advertising a property, good, or service for sale, lease, license, or investment, including offering or advertising an extension of credit, prize promotion, or for the purposes of obtaining information that will or may be used for the direct solicitation thereof."

56. Defendant's text messages to Plaintiff and members of the SC TPPA Class constitute "telephone solicitations" under S.C. Code Ann. § 37-21-20(6) because they were text messages sent to wireless telephones to South Carolina residents or natural persons with South Carolina area codes for the purpose of offering or advertising Defendant's vehicle sales and automotive servicesF.

57. S.C. Code Ann. § 37-21-70(B) provides that "[a] telephone solicitor may not initiate, or cause to be initiated, a telephone solicitation to a telephone number on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. Section 64.1200."

58. Defendant violated S.C. Code Ann. § 37-21-70(B) by initiating, or causing to be initiated, telephone solicitations to Plaintiff and members of the SC TPPA Class whose telephone numbers were registered on the National Do Not Call Registry.

59. Plaintiff and members of the SC TPPA Class did not provide Defendant with prior express invitation or permission as evidenced by a signed or electronically signed, written agreement, as required by S.C. Code Ann. § 37-21-20(6)(b)(i).

60. Plaintiff and members of the SC TPPA Class did not have an established business relationship with Defendant, as contemplated by S.C. Code Ann. § 37-21-20(6)(b)(ii).

61. As a result of Defendant's violations, Plaintiff and members of the SC TPPA Class are entitled to recover actual losses in addition to damages in the amount of $1,000.00 for each violation pursuant to S.C. Code Ann. § 37-21-80(A).

62. To the extent Defendant's violations are found to be willful, the Court may, in its discretion, increase the amount of the award to an amount not exceeding $5,000.00 for each violation pursuant to S.C. Code Ann. § 37-21-80(B).

63.    Plaintiff and members of the SC TPPA Class are also entitled to an award of reasonable attorneys' fees and court costs pursuant to S.C. Code Ann. § 37-21-80(C).

**COUNT III**
**Knowing and/or Willful Violations of the TCPA**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

64.    Plaintiff re-alleges and incorporates paragraphs 1- 45 as if fully set forth herein.

65.    At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

66.    Defendant knew that it did not have prior express consent to transmit telemarketing text messages and knew or should have known that its conduct was a violation of the TCPA.

67.    Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry and that sending text messages to such numbers violated federal regulations.

68.    Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its telemarketing text messages and that their numbers were on the National Do Not Call Registry, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative class pursuant to § 227(c)(5) of the TCPA.

69.    As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT IV**
**Knowing and/or Willful Violations of the**
**South Carolina Telephone Privacy Protection Act**
**(On Behalf of Plaintiff and the SC TPPA Class)**

70.    Plaintiff re-alleges and incorporates paragraphs 1- 45 as if fully set forth herein.

71.    At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the South Carolina Telephone Privacy Protection Act, S.C. Code Ann. § 37-21-10 *et seq*.

72.    Defendant knew or should have known that it did not have prior express invitation or permission, as evidenced by a signed or electronically signed written agreement, to transmit telemarketing text messages to Plaintiff and members of the SC TPPA Class, and knew or should have known that its conduct was a violation of S.C. Code Ann. § 37-21-70(B).

73.    Defendant knew or should have known that Plaintiff's number and the numbers of members of the SC TPPA Class were on the National Do Not Call Registry and that sending text messages to such numbers violated S.C. Code Ann. § 37-21-70(B).

74.    Because Defendant knew or should have known that its conduct violated S.C. Code Ann. § 37-21-70(B), Defendant's violations were willful within the meaning of S.C. Code Ann. § 37-21-80(B).

75.    As a result of Defendant's willful violations, the Court should, in its discretion, increase the amount of the award to an amount not exceeding $5,000.00 for each violation pursuant to S.C. Code Ann. § 37-21-80(B).

76.    Plaintiff and members of the SC TPPA Class are also entitled to an award of reasonable attorneys' fees and court costs pursuant to S.C. Code Ann. § 37-21-80(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a.  An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c.  A declaration that Defendant's practices described herein violate the South Carolina Telephone Privacy Protection Act, S.C. Code Ann. § 37-21-10 et seq.;

d.  An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Classes;

e.  An award of actual and statutory damages for Plaintiff and each member of the Classes;

f.  An award of statutory damages of $1,000.00 per violation under S.C. Code Ann. § 37-21-80(A), and up to $5,000.00 per willful violation under S.C. Code Ann. § 37-21-80(B), for Plaintiff and each member of the SC TPPA Class;

g.  An award of reasonable attorneys' fees and court costs pursuant to S.C. Code Ann. § 37-21-80(C);

h.  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all

records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: June 4, 2026

Respectfully submitted,

*/s/ Paul J. Doolittle*
Paul J. Doolittle, Esq. (Fed ID No. 6012)
**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
Email: paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

*Attorney for Plaintiff*