**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| ADAMS STONE, individually, and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>KEFFER AUTOMOTIVE GROUP, LLC d/b/a MAZDA OF COLUMBIA,<br><br>   Defendant. | Case No. 3:26-cv-02225-SAC<br><br>**DEFENDANT'S ANSWER**<br><br>JURY TRIAL DEMANDED |

Defendant Keffer Automotive Group, LLC d/b/a Mazda of Columbia ("Defendant"), by and through its undersigned attorneys, Constangy, Brooks, Smith & Prophete LLP, hereby answers the Class Action Complaint ("Complaint"). Defendant denies the allegations of the Complaint not expressly admitted below and incorporates certain headings from the Complaint for ease of reference only. To the extent any heading makes any assertion of fact, the same is hereby also denied.

To the extent permitted under FRCP 8(b)(3), Defendant enters a general denial of all allegations contained in Plaintiff's Complaint unless specifically admitted in this Answer. For ease of reference only, Defendant will use the same headings as the Complaint, but otherwise deny any factual implications or arguments contained in the headings of the Complaint.

1.      Defendant admits that Plaintiff purports to assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the South Carolina Telephone Privacy Protection Act, S.C. Code Ann. § 37-21-10 *et seq*. ("SC TPPA"). Defendant denies any remaining allegations in Paragraph 1 of the Complaint. By way of further response, Defendant denies that

1

Plaintiff adequately states a claim against Defendant or that Plaintiff is entitled to any of the relief sought in the Complaint

## NATURE OF THE ACTION

2. Defendant admits that Plaintiff purports to bring a putative class action under the TCPA and the SC TPPA. Defendant denies any remaining allegations in Paragraph 2 of the Complaint. By way of further response, Defendant denies that any violation occurred and that this action may properly proceed as a class action.

3. Denied.

4. Admitted that Defendant is an automotive dealership based in South Carolina that is engaged in the sale and marketing of vehicles and related automotive services to consumers. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

5. Denied.

6. The allegations in Paragraph 6 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The allegations in Paragraph 6 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, and for purposes of this action only, Defendant does not contest that this Court has subject matter jurisdiction over this action. Defendant denies any remaining allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, and for purposes of this action

only, Defendant does not contest that venue is proper in this District. Defendant denies any remaining allegations in Paragraph 8 of the Complaint.

## PARTIES

9. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore, denies the same.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore, denies the same.

11. Defendant admits that it is a South Carolina limited liability company with a principal place of business at 665 Broad River Rd, Columbia, South Carolina. Defendant denies any remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits that it conducts business in the State of South Carolina. Defendant denies any remaining allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies that all of the listed persons and entities are its agents, denies that it is vicariously liable for the acts or omissions of any third party, and denies the remaining allegations of Paragraph 13.

## FACTS

14. Defendant admits that it is an automotive dealership based in South Carolina that sells vehicles and provides automotive services to consumers. Defendant denies any remaining allegations in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore, denies the same.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore, denies the same.

17. The allegations in Paragraph 17 constitute conclusions of law, to which no response is required.

18. Denied.

19. The allegations in Paragraph 19 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies that it violated the TCPA and denies the remaining allegations of Paragraph 19.

20. The allegations in Paragraph 20 constitute conclusions of law, to which no response is required.

21. Denied.

22. Denied.

23. Denied.

24. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint, and therefore, denies the same.

25. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25 of the Complaint, and therefore, denies the same.

26. The allegations in Paragraph 26 constitute conclusions of law, to which no response is required.

27. Denied.

28. Denied.

29. Denied.

30.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint, and therefore, denies the same.

31.     The provisions of 47 C.F.R. § 64.1200(c) speak for themselves. To the extent Plaintiff categorizes or interprets this statute, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

32.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint, and therefore, denies the same.

33.     Denied.

34.     Denied.

### CLASS ALLEGATIONS

**PROPOSED CLASS**

35.     Defendants only admit that Plaintiff seeks to assert claims against Defendant on his own behalf and on behalf of a putative class. Defendants deny that Plaintiff adequately states a claim against Defendant or that Plaintiff is entitled to any of the relief sought. Defendant further denies that Plaintiff has defined an ascertainable class.

36.     The allegations in Paragraph 36 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies that the proposed classes are properly defined, ascertainable, or certifiable, denies that Plaintiff is a member of or may represent either proposed class, and denies the remaining allegations of Paragraph 36.

37.     The allegations in Paragraph 37 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies that any

certifiable class exists, denies that any class numbers in the thousands, and denies the remaining allegations of Paragraph 37.

**NUMEROSITY**

38.     Denied.

39.     The allegations in Paragraph 39 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies that any class is ascertainable or certifiable and denies the remaining allegations of Paragraph 39.

**COMMON QUESTIONS OF LAW AND FACT**

40.     The allegations in Paragraph 40, including its subparts (a) through (g), states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that there are questions of law or fact common to any putative class, denies that any such questions predominate over individualized questions, and denies the allegations of Paragraph 40 and each of its subparts.

41.     Denied.

**TYPICALITY**

42.     Denied.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

43.     Denied.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

44.     Denied.

45.     Denied.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

46.     Defendant incorporates by reference its responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

47.     The provisions of the TCPA speak for themselves. To the extent Plaintiff categorizes or interprets this statute, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

48.     The provisions of the TCPA speak for themselves. To the extent Plaintiff categorizes or interprets this statute, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

49.     The provisions of the TCPA speak for themselves. To the extent Plaintiff categorizes or interprets this statute, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

50.     The provisions of the TCPA speak for themselves. To the extent Plaintiff categorizes or interprets this statute, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

51.     The allegations in Paragraph 51 constitute conclusions of law, to which no response is required. To the extent a response is required, denied.

52.     The allegations in Paragraph 52 constitute conclusions of law, to which no response is required. To the extent a response is required, denied.

53.     The allegations in Paragraph 53 constitute conclusions of law, to which no response is required. To the extent a response is required, denied.

**COUNT II**
**Violation of the South Carolina Telephone Privacy Protection Act,**
**S.C. Code Ann. § 37-21-10 et seq.**
**(On Behalf of Plaintiff and the SC TPPA Class)**

54.     Defendant incorporates by reference its responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

55.     The provisions of the TCPA speak for themselves. To the extent Plaintiff categorizes or interprets this statute, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

56.     The allegations in Paragraph 56 constitute conclusions of law, to which no response is required.

57.     The provisions of the TCPA speak for themselves. To the extent Plaintiff categorizes or interprets this statute, such allegations state legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

58.     The allegations in Paragraph 58 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

59.     The allegations in Paragraph 59 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

60.     The allegations in Paragraph 60 constitute conclusions of law, to which no response is required.  To the extent a response is required, these allegations are denied

61.     The allegations in Paragraph 61 constitute conclusions of law, to which no response is required.

62.     The allegations in Paragraph 62 constitute conclusions of law, to which no response is required.

63. The allegations in Paragraph 63 constitute conclusions of law, to which no response is required.

**COUNT III**
**Knowing and/or Willful Violations of the TCPA**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

64. Defendant incorporates by reference its responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

65. Denied.

66. Denied.

67. Denied.

68. The allegations in Paragraph 68 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies that its conduct was knowing or willful, denies that any trebling of damages is warranted, and denies the allegations of Paragraph 68.

69. The allegations in Paragraph 69 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff or any putative class member is entitled to statutory damages of $1,500.00, or any amount, per alleged violation or otherwise.

**COUNT IV**
**Knowing and/or Willful Violations of the**
**South Carolina Telephone Privacy Protection Act**
**(On Behalf of Plaintiff and the SC TPPA Class)**

70. Defendant incorporates by reference its responses to the allegations in the previous paragraphs of the Complaint as if fully set forth herein.

71. Denied.

72. Denied.

73.     Denied.

74.     The allegations in Paragraph 74 constitute conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies that any violation occurred and denies that any conduct was willful within the meaning of S.C. Code Ann. § 37-21-80(B).

75.     The allegations in Paragraph 75 constitute conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies that any award, enhanced or otherwise, is warranted.

76.     The allegations in Paragraph 76 constitute conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff or any putative class member is entitled to attorneys' fees or court costs.

77.     Defendants deny that Plaintiff, on behalf of himself and each member of the Putative Class, are entitled to any of the relief requested in Paragraphs a–h, including all subparts, of the Prayer for Relief contained in Plaintiff's Complaint.

In further answer to the Complaint, Defendants assert the following affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Defendants allege that Plaintiff and the putative class lack standing to assert the claims alleged.

10

## THIRD AFFIRMATIVE DEFENSE
### (Plaintiff's Own Acts)

Plaintiff's alleged damages, if any, resulted from Plaintiff's failure to exercise ordinary care, caution, or prudence on his own behalf, which reduces any damages proximately caused by Plaintiff's own acts or failure to act.

## FOURTH AFFIRMATIVE DEFENSE
### (Consent/Ratification)

The alleged conduct complained of in the Complaint was approved, consented to, authorized, and/or ratified by Plaintiff through his actions, omissions, and course of conduct, in that Plaintiff was knowledgeable of the facts and policies concerning the communications at issue.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

To the extent that Plaintiff acted with unreasonably delay in bringing his claims, he is barred from recovery under this Complaint and any cause of action thereof.

## SIXTH AFFIRMATIVE DEFENSE
### (Statutory Penalties Unavailable)

Plaintiff is not entitled to statutory penalties as Defendants has no legal basis for statutory penalties.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unconstitutional Damages)

Plaintiff's claims for statutory penalties violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the South Dakota Constitution because: (a) the statutory and/or civil penalties claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of statutory and/or civil penalties would constitute an arbitrary and capricious taking of Defendants' property which is unjustified by any rational governmental interest; and/or (c) the statutes are unconstitutionally vague, unenforceable or unjustifiably arbitrary.

11

## EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

Plaintiff was knowledgeable of the facts and policies concerning the communications at issue. Defendant relied on Plaintiff's knowledge and conduct. The Complaint and the causes of action alleged therein are therefore barred by the doctrine of equitable estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff was knowledgeable of the facts and policies concerning the communications at is. Defendant relied on Plaintiff's knowledge and conduct. The Complaint and the causes of action alleged therein are therefore barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE
### (No Damages)

The Complaint is barred in whole or in part because Plaintiff did not suffer any cognizable damage or other harm as a proximate result of any alleged act or omission of Defendant or its agents or employees.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff failed and neglected to mitigate his damages if any so as to reduce and/or diminish his claim.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

To the extent that the Complaint and any of the causes of action alleged therein are premised upon conduct that occurred prior to the applicable statute of limitations, the Complaint and any cause of action alleged therein are barred by the applicable statute of limitations.

12

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Willfulness or Knowing Conduct / Good Faith)

Plaintiff's claims for enhanced, statutory, or punitive damages are barred because Defendant acted in good faith and in reliance on industry-standard practices and applicable law. Defendant did not engage in willful, intentional, or reckless conduct as required to support enhanced damages under applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Willful and Knowing Counts Are Not Independent Causes of Action)

Counts III and IV do not state independent causes of action. Alleged knowing or willful conduct concerns only a potential enhancement of statutory damages under 47 U.S.C. § 227(c)(5) and S.C. Code Ann. § 37-21-80(B), not a separate substantive violation, and any duplicative or cumulative recovery for the same alleged conduct is barred.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Private Right of Action for Text Messages)

Counts I and III fail to state a claim because the private right of action in 47 U.S.C. § 227(c)(5) is limited to a person who has received more than one "telephone call" within any 12-month period, and the text messages alleged in the Complaint are not "telephone calls" within the meaning of the statute.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Established Business Relationship)

Plaintiff's claims are barred, in whole or in part, to the extent an established business relationship existed with Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Federal Do-Not-Call Safe Harbor)

Any alleged violation of the TCPA, which is denied, was not intentional and occurred, if at all, notwithstanding Defendant's establishment and implementation, with due care, of reasonable

practices and procedures to prevent telephone solicitations in violation of the applicable regulations, including procedures for maintaining an internal do-not-call list and for accessing the National Do Not Call Registry. Defendant is entitled to the safe harbor provided by 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2)(i).

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

To the extent that Plaintiff comes to this Court with unclean hands, he is barred from recovery under this Complaint, or any cause of action thereof.

## NINTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff was knowledgeable of the facts and policies concerning the communications at issue, and Plaintiff assumed the risk. The Complaint and the causes of action alleged therein are therefore barred.

## TWENTIETH AFFIRMATIVE DEFENSE
### (South Carolina Reasonable Practices and Procedures Defense)

Defendant is entitled to the affirmative defense provided by S.C. Code Ann. § 37-21-70(C) because it established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the South Carolina Telephone Privacy Protection Act, including using, in accordance with applicable federal regulations, a version of the National Do Not Call Registry obtained from the administrator of the registry no more than thirty-one days before any solicitation was made.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (South Carolina Bona Fide Error Defense)

Any alleged violation of the South Carolina Telephone Privacy Protection Act, which is denied, was not intentional and resulted from a bona fide error, and Defendant is therefore entitled to the defense provided by S.C. Code Ann. § 37-21-80(E).

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Satisfy Rule 23 Requirements)

This action may not properly be maintained as a class action because Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or 23(b). The putative class and subclass lack numerosity, commonality, typicality, and adequacy of representation. Individual questions of fact and law — including consent, notice, individual browsing history, and the nature of information transmitted for each putative class member — predominate over any common questions. A class action is not superior to other available methods of adjudicating the controversy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Lack of Typicality and Adequacy)

Plaintiff's claims on behalf of the enumerated classes are barred, in whole or in part, because Plaintiff's claims and circumstances are not typical of the class members he purports to represent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Acts of Third Parties)

Plaintiff cannot establish that Defendant initiated, made, caused, authorized, or ratified any communication at issue. Any alleged injury was caused, in whole or in part, by the acts or omissions of third parties, including any separate entity, any employee acting outside the scope of authority, or any marketing vendor or service provider, over whom Defendant had no control and for whom Defendant is not legally responsible absent proof of an agency relationship and conduct within its scope.

To the extent Plaintiff seeks, is entitled to, or is awarded punitive damages, which Defendant specifically denies, Defendant pleads S.C. Code Ann. § 15-32-530 as providing a cap on such damages.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer and to assert additional affirmative defenses that may become known during the course of discovery or further proceedings in this action, including but not limited to the defense of after-acquired evidence. The assertion of any defense herein is not intended as, and shall not be construed as, a waiver of any other defense available to Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Keffer Automotive Group, LLC d/b/a Mazda of Columbia respectfully requests that the Court enter judgment in its favor and against Plaintiff and the putative class members as follows:

1. Dismiss the Complaint in its entirety, with prejudice;

2. Deny certification of the proposed classes or subclass;

3. Enter judgment in favor of Defendant and against Plaintiff and the putative class members on all claims;

4. Award Defendant its costs and, to the extent permitted by law, its reasonable attorneys' fees; and

5. Grant such other and further relief as the Court deems just and proper.

Dated: July 21, 2026                    Respectfully submitted,


By: Cara Y. Crotty _____
    Cara Crotty (Fed ID No. 6869)
    **Constangy, Brooks, Smith & Prophete LLP**
    1301 Gervais Street
    Suite 1020
    Columbia, South Carolina 29201-3326
    Telephone: (803) 667-4410
    ccrotty@constangy.com

    David A. Yudelson (*pro hac vice forthcoming)*
    **Constangy, Brooks, Smith & Prophete LLP**
    2029 Century Park East, Suite 1100
    Los Angeles, California 90067
    Telephone: (310) 256-3074
    dyudelson@constangy.com

    *Attorneys for Defendant Keffer Automotive Group LLC d/b/a Mazda of Columbia*

17