IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ADAMS STONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEFFER AUTOMOTIVE GROUP, LLC d/b/a MAZDA OF COLUMBIA,<br><br>Defendant. | CA # 3:26-cv-02225-SAC |

**PARTIES' JOINT DISCOVERY PLAN**

The parties submit this Joint Proposed Discovery Plan as required by Federal Rule of Civil Procedure 26(f). This plan is attached to and incorporated by reference into the parties' Rule 26(f) Report.

**ITEM 1:**

What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?

**RESPONSE TO ITEM 1:**

Initial disclosures shall be served on or before September 4, 2026.

**ITEM 2:**

The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

**RESPONSE TO ITEM 2:**

Plaintiff anticipates needing discovery on the following subjects: (1) the content, timing, and origination of the text messages/calls at issue; (2) Defendant's telemarketing practices and vendor relationships; (3) Defendant's policies and procedures with respect to the Telephone Consumer Protection Act ("TCPA") and the South Carolina Telephone Protection Act ("SC TPPA"); (4) the identity, contact and/or consent information of putative class members; (5) Defendant's text message logs reflecting the messages it sent to Plaintiff and the putative classes: (6) the list of consumer leads Defendant purchased from third parties; and (7) damages. Plaintiff proposes that Discovery be completed by June 4, 2027. Plainiff does not propose that discovery be conducted in phases or be limited to particular issues, as class discovery and merits discovery substantially overlap in this case, and settlement cannot be evaluated prior to the completion of class discovery.

Defendant does not agree with Plaintiff's identified topics 4 and 5. Specifically, Plaintiff's topics 4 and 5 seek the identification of a class list or potential members of a class that does not yet exist and is disproportionately burdensome and premature at this time. *See, e.g.,* In re Pella Corp. Architect & Designer Series Windows Mktg., Sales Pracs. & Prods. Liab. Litig., No. 2:14-MN-00001-DCN, 2014 WL 12622421, at *2 (D.S.C. Nov. 20, 2014) ("Indeed, courts often "refuse[ ] to allow discovery of class members' identities at the pre-certification stage" for exactly this reason—"out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.'") (collecting cases); Moodie v. Kiawah Island Inn Co., LLC, 309 F.R.D. 370, 375 (D.S.C. 2015) "The plaintiffs need not be able to identify every class member at the time of certification").

Defendant is not suggesting a phasing of discovery, since some overlap with the merits is

expected and Defendant anticipates needing discovery on Plaintiff's business relationships with Defendant and its third-party vendors; Plaintiff's ability to satisfy Fed. R. 23 requirements; damages; and providing discovery regarding Plaintiff's interactions with Defendant and Defendant's vendors; Defendant's and its vendors' relevant procedures and, to the extent these issues overlap with certain merits discovery. However, Defendant suggests that topics 4 and 5 seek a class list that is not required at this time.

**ITEM 3:**

Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**RESPONSE TO ITEM 3:**

None. The parties agree that electronically stored information will be disclosed in .pdf format and/or native format (i.e. excel, etc.) (where available) unless otherwise agreed upon by the parties.

**ITEM 4:**

Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.

**RESPONSE TO ITEM 4:**

The parties do not foresee any issues about claims of privilege or work product protection. However, if any privileged material is inadvertently disclosed, the other party will return it, and the privilege will not be waived. The parties agree to follow Fed. R. Evid. 502.

**ITEM 5:**

What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?

**RESPONSE TO ITEM 5:**

The parties do not propose any changes or limitations on discovery under the Federal Rules of Civil Procedure or applicable local rules.

**ITEM 6:**

Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE TO ITEM 6:**

None at this time.

This the 25th day of August 2026.

Respectfully submitted,

*s/ Paul J. Doolittle*
Paul J. Doolittle, Fed ID #6012
**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803.222.2222
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

Christopher E. Berman (*pro hac vice forthcoming*)
**SHAMIS GENTILE**
**CLASS ACTION LAW FIRM**
14 NE 1st Ave Suite 705

*s/ Cara Y. Crotty*
Cara Y. Crotty, Fed ID #6869
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
1320 Main Street, Suite 300
Columbia, SC 29201
Tel: 803.256.3200
ccrotty@constangy.com

***Attorneys for Defendant***

Miami, FL 33132
Tel: 305.479.2299

***Attorneys for Plaintiff and the proposed Classes***