IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ADAMS STONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEFFER AUTOMOTIVE GROUP, LLC d/b/a MAZDA OF COLUMBIA,<br><br>Defendant. | CA # 3:26-cv-02225-SAC |

**JOINT RESPONSES TO**
**LOCAL CIVIL RULE 26.03 INTERROGATORIES**

The parties submit their Joint Responses to Local Rule 26.03 Interrogatories as required by the Conference and Scheduling Order entered by the Court on July 22, 2026.

**INTERROGATORY 1**: **A short statement of the facts of the case.**

**RESPONSE:** This is a putative class action brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the South Carolina Telephone Privacy Protection Act ("SC TPPA"), S.C. Code Ann. § 37-21-10 *et seq*. Plaintiff Adam Stone, a resident of Richland County, South Carolina, alleges that Defendant Keffer Automotive Group, LLC d/b/a Mazda of Columbia, an automotive dealership, sent at least thirteen (13) unsolicited telemarketing text messages to his residential cellular telephone number ending in 0772 between August 11, 2023 and December 11, 2023, originating from telephone number (803) 219-2820. Plaintiff's 0772 Number has been registered on the National Do Not Call Registry since September 28, 2017. Plaintiff alleges he never provided Defendant with prior express written consent to receive such messages and has no existing business relationship with Defendant.

Plaintiff brings this action on behalf of two proposed Classes: (1) the Do Not Call Registry Class; and (2) the SC TPPA Class. Defendant denies the allegations.

**INTERROGATORY 2: The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE:**

Plaintiff's Witnesses:

a) Adam Stone (Plaintiff) — will testify regarding receipt of the text messages at issue, his registration on the National Do Not Call Registry since September 28, 2017, and the absence of any prior express written consent or business relationship with Defendant.

b) Corporate representative(s) of Defendant — anticipated to testify regarding Defendant's telemarketing text message campaigns, consent practices, and Do Not Call compliance policies and procedures.

c) Representatives of Defendant's lead generation source(s) and/or text message vendor(s) —anticipated to testify regarding the origination of the text messages from (803) 219-2820, the source(s) of Plaintiff's contact information, and any purported consent records.

Defendant's Witnesses:

(a) Plaintiff: Expected to testify about his business relationship with Defendant

(b) Stephen Newman: Vice President, Defendant: Expected to testify about Plaintiff's business relationship with Defendant

(c) Jason Reeves, Managing Partner, Mazda Automotive: Expected to testify about his business relationship with Defendant

**INTERROGATORY 3: The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE**: Plaintiff has not yet identified specific expert witnesses. Plaintiff anticipates retaining experts in the following areas: (a) TCPA and SC TPPA compliance and telemarketing/text message technology; (b) class certification; and (c) damages. Plaintiff's expert disclosures are due per the schedule proposed below. Defendant anticipates retaining experts in the same areas.

**INTERROGATORY 4: A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**RESPONSE**:

Plaintiff's Claims:

- Count I — Violation of the TCPA, 47 U.S.C. § 227(c): Plaintiff alleges Defendant sent telemarketing text messages to his number, which had been registered on the National Do Not Call Registry for over thirty (30) days, without prior express consent, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c).
- Count II — Violation of the South Carolina Telephone Privacy Protection Act, S.C. Code Ann. § 37-21-10 et seq.: Plaintiff alleges Defendant initiated telephone solicitations to Plaintiff's number while it was registered on the National Do Not Call Registry, without prior express invitation or permission and without an established business relationship, in violation of S.C. Code Ann. § 37-21-70(B).

Defendant's Defenses:

- Whether or not Defendant violated 47 U.S.C. § 227(b);
- Whether or not Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c);
- Whether or not Defendant violated 47 C.F.R. § 64.1200(d); and
- Whether or not the calling conduct at issue is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);
- Whether Defendant has one or more successful defenses under 47 U.S.C. §§ 227; 47 C.F.R. § 64.21200(f)(15) and the decision in *Facebook, Inc. v. Duguid*, 593 U.S. 395 (2021);
- Whether there is an established business relationship for purposes of TCPA and SCTTPA liability; and
- Whether Defendant initiated the messages at issue.

**INTERROGATORY 5: Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**

**(b) Completion of discovery.**

**RESPONSE:** The parties agree that the schedule set forth in the Conference and Scheduling Order [ECF No. 12] is not appropriate for this case. This is a putative class action against Defendant where discovery will be necessary from Defendant itself, along with multiple third parties, including but not limited to Defendant's lead generation source(s) and Defendant's SMS/text message vendor(s). Given the complexity of class discovery, the number of third parties involved, and the anticipated need for expert discovery on class certification and damages

issues, the parties propose that most of the deadlines in the Conference and Scheduling Order be extended by five (5) months, as follows:

| **Event** | **Court's Date (ECF #12)** | **Proposed Date (+5 mos.)** |
|---|---|---|
| Motions to Join Parties / Amend Pleadings | October 5, 2026 | **N/A** |
| Plaintiff's Identification of Expert Witnesses | November 4, 2026 | **April 5, 2027** |
| Defendant's Identification of Expert Witnesses | December 4, 2026 | **May 4, 2027** |
| Records Custodian Affidavit | December 4, 2026 | **May 4, 2027** |
| Completion of Discovery | January 4, 2027 | **June 4, 2027** |
| Other Motions (including class certification) | January 11, 2027 | **June 11, 2027** |
| Mediation Completion | January 19, 2027 | **June 21, 2027** |
| Trial | March 2027 term of court | **August 2027 term of court** |

**Note:** April 4, 2027 falls on a Sunday and June 19, 2027 falls on a Saturday; the proposed dates above (April 5, 2027 and June 21, 2027, respectively) have been adjusted to the next business day.

**INTERROGATORY 6: The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02(C) (Content of Scheduling Order).**

**RESPONSE:** This is a putative class action under the TCPA and SC TPPA. The parties anticipate that class certification briefing, together with discovery from Defendant and third parties — including Defendant's lead generation source(s) and SMS/text message vendor(s) — will require additional time beyond the deadlines set forth in the Conference and Scheduling Order [ECF No. 12]. For these reasons, the parties propose the extended schedule set forth in

Section 5, above. The parties consent to receive service of discovery via email, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). Discovery requests, responses, and document productions may be served by email to counsel of record at the email addresses listed in this Joint Report.

**INTERROGATORY 7: The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

**RESPONSE**: The parties do not unanimously consent to trial and disposition of this case by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties had an initial discussion regarding resolution of this matter and will continue to explore settlement in good faith as warranted. Mediation is proposed to be completed by June 21, 2027, as set forth above.

This the 25th day of August 2026.

Respectfully submitted,

*s/ Paul J. Doolittle*
Paul J. Doolittle, Fed ID #6012
**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803.222.2222
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

Christopher E. Berman (*pro hac vice forthcoming*)
**SHAMIS GENTILE**
**CLASS ACTION LAW FIRM**
14 NE 1st Ave Suite 705
Miami, FL 33132
Tel: 305.479.2299

***Attorneys for Plaintiff and the proposed Classes***

*s/ Cara Y. Crotty*
Cara Y. Crotty, Fed ID #6869
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
1320 Main Street, Suite 300
Columbia, SC 29201
Tel: 803.256.3200
ccrotty@constangy.com

***Attorneys for Defendant***